FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

IN THE UNITED STATES DISTRICT COURT DEC 11 1989
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION      CARL R. BRENTS, CLERK

By: ~~PLAINTIFFS~~ ᴅᴇᴘ. ᴄʟᴇʀᴋ

EUGENE HUNT, ET AL.

VS.                    NO. PB-C-89-406

STATE OF ARKANSAS, ET AL.                    DEFENDANTS

## MOTION TO AMEND COMPLAINT

Come now the plaintiffs, by and through their attorneys, and for their Motion to Amend Complaint pursuant to F.R.C.P. 15(a) state:

1.   That plaintiffs filed this action on July 27, 1989, and have filed two subsequent amendments to the Complaint, the last being granted by leave of this Court.

2.   That plaintiffs' amended complaint seeks to narrow the focus of this lawsuit by eliminating the original complaint's challenge, pursuant to 42 U.S.C. Section 1973 and the United States Constitution, to the Arkansas Supreme Court and the Arkansas Court of Appeals.  Further, the claims relating to the trial court judicial districts have been limited to the First, Second, Tenth, Eleventh East, Eleventh West, and Seventeenth West judicial districts.

3.   That Plaintiffs will also seek to raise additional claims not raised in the prior complaints, add two additional plaintiffs and eliminate a number of the defendants.

4.   That in the Third amended complaint plaintiffs have eliminated class action allegations and will proceed in this matter with individual plaintiffs.

5.   That trial of this matter has not been scheduled and

defendants will not be prejudiced by the proposed Third amendment to the complaint.

WHEREFORE, plaintiffs pray that said Motion to File Amended Complaint be granted for the reasons stated herein.

Respectfully submitted,

ARKIE BYRD
Mays and Crutcher, P.A.
415 Main Street
Little Rock, AR 72201
(501) 372-6303

BY: _Arkie Byrd by BAK_
    ARKIE BYRD

LISA KELLY
520 West Second Avenue
Pine Bluff, AR 71601
(501) 534-4460

ROY LEWELLEN
14 West Main Street
Marianna, AR 72360
(501) 295-2764

JULIUS L. CHAMBERS
CHARLES STEPHEN RALSTON
JUDITH REED
DAYNA CUNNINGHAM
    NAACP Legal Defense and
    Educational Fund, Inc.
99 Hudson Street, 16th Floor
New York, N.Y. 10013
(201) 219-1900

2

## CERTIFICATE OF SERVICE

I, Lisa A. Kelly, do hereby certify that a copy of the foregoing has been served by depositing the same in the United States Mail, First Class Mail, postage prepaid on this _11th_ day of December, 1989 upon:

Mr. Jeff Bell
Ms. Connie Griffin
Assistant Attorneys General
4th and Center Streets
Tower Building
Little Rock, AR 72201

Mr. Phil Kaplan
Attorney at Law
415 Main Place
Little Rock, AR 72201

Mr. Jack McNulty
Attorney at Law
P.O. Box 7808
Pine Bluff, AR 71611

_Lisa A Kelly_
LISA A. KELLY

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

EUGENE HUNT, OLLY NEAL, REGINALD                       PLAINTIFFS
ROBERTSON, BENNIE O'NEIL,
EVANGELINE K. BROWN, REOLA
HANCOCK, BISHOP L. BURRIS; and
THE CHRISTIAN MINISTERIAL
ALLIANCE

VS.                                  NO. PB-C-89-406

STATE OF ARKANSAS;                                     DEFENDANTS

BILL CLINTON, Governor of the
State of Arkansas, and Chairman
of the State Board of Election
Commission in his official
capacities;

BILL MCCUEN, Arkansas Secretary
of State, and Secretary of the
State Board of Election
Commissioners in his official
capacities;

STEVE CLARK, Attorney General of
the State of Arkansas, and
Commissioner of the State Board
of Elections in his official
capacities;

JIMMIE LOU FISHER, Auditor of the
State of Arkansas, and Commissioner
of the State Board of Election
Commissioners, in her official
capacities;

MAX HOWELL, Chairman of the Senate
Judiciary Committee in his
official capacity;

J. L. "JIM" SHAVER, Chairman of the
House Judiciary Committee in his
official capacity.

## THIRD AMENDED COMPLAINT

Come the Plaintiffs, Eugene Hunt, Olly Neal, Reginald

Robertson, Bennie O'Neil, Evangeline K. Brown, Reola Hancock,

Bishop L. Burris, and The Christian Ministerial Alliance, by and through their attorneys and for their Third Amended Complaint, state as follows:

## I. <u>NATURE OF THE CASE</u>

1.   This is a civil action to enjoin violations of Section 2 of the Voting Rights Act of 1965, as amended, 42 U.S.C. Sec. 1973, and the Fourteenth and Fifteen Amendments to the United States Constitution.   Plaintiffs challenge the election systems employed by the defendants in the elections of judges to the circuit, chancery, and juvenile courts in the First, Second, Sixth, Tenth, Eleventh East, Eleventh West, and Seventeen West judicial districts.   Specifically, plaintiffs seek declaratory, preliminary, and permanent injunctive relief to prevent the defendants from maintaining the staggered term, numbered place, at-large election system for the election of circuit, chancery and juvenile court judges and from maintaining their current districting scheme in the above districts.   At the levels of the judiciary challenged herein, the systems employed by the defendants impermissibly dilute the rights of plaintiffs and similarly situated black individuals to vote and prevent them from electing judicial candidates of their choice.   The plaintiffs sue in their own behalf as black citizens of the State of Arkansas and as residents and registered voters in the above named districts.

2

## II. <u>JURISDICTION</u>

2.    This action arises under the Fourteenth and Fifteenth Amendments to the United States Constitution and under 42 U.S.C. Sections 1973 and 1983.   Jurisdiction is invoked pursuant to 28 U.S.C. Sections 1331 and 1343, and 42 U.S.C. Section 1973(j)(f). Plaintiffs' request for declaratory relief is authorized by 28 U.S.C. Section 2201.

## III. <u>PARTIES</u>

3.    The Plaintiff, Eugene Hunt, is a black resident citizen and registered voter of Jefferson County, Arkansas.    The plaintiff Hunt resides in what is currently the Eleventh East Judicial District for the chancery, circuit and juvenile courts. Plaintiff Hunt is an attorney licensed to practice in the State of Arkansas.

4.    The Plaintiff Olly Neal, is a black resident citizen and registered voter of Lee County.   The Plaintiff Neal resides in what is currently the First Judicial District for the chancery, circuit and juvenile courts.    Plaintiff Neal is an attorney licensed to practice in the State of Arkansas.

5.    The Plaintiff, Reginald Robertson, is a black resident citizen and registered voter of Crittendon County.   The Plaintiff Robertson resides in what is currently the Second Judicial District for the chancery, circuit and juvenile courts. Plaintiff Robertson is an attorney licensed to practice in the State of Arkansas.

3

6.    The Plaintiff, Bennie O'Neil, is a black resident citizen and registered voter of Lonoke County.  The Plaintiff O'Neil resides in what is currently the Seventeenth District West for the chancery, circuit and juvenile courts.  Plaintiff O'Neal is an attorney licensed to practice in the State of Arkansas.

7.    The Plaintiff, Evangeline K. Brown, is a black citizen and registered voter of Chicot County.  The Plaintiff Brown resides in what is currently the Tenth Judicial District for the chancery, circuit and juvenile courts.  Plaintiff Brown is a retired public school teacher and has held various community leadership positions including serving on the United States Civil Rights Commission State Advisory Board.

8.    The Plaintiff, Reola Hancock, is a black resident citizen and registered voter.  The plaintiff Hancock resides in what is currently the Eleventh East Judicial District for the chancery, circuit and juvenile courts.

9.    The Plaintiff, Bishop L. Burris, is a black resident citizen and registered voter.  The plaintiff Hancock is president of the Christian Ministerial Alliance, Inc., an organization described below.

10.    The Plaintiff, The Christian Ministerial Alliance, is a coalition of religious leaders from Pulaski County and neighboring areas who are dedicated to furthering racial equality and justice in the State of Arkansas.

11.    The defendant State of Arkansas is the governmental entity that enacted and has maintained the election systems

4

challenged herein.    The State of Arkansas is the governmental entity ultimately responsible for remedying the continuing violations complained of in this lawsuit.

12.   The Defendant Bill Clinton is the Governor of the State of Arkansas and the Chairman of the State Board of Election Commissioners.    Defendant Clinton is sued in his official capacities.

13.   Defendant Bill McCuen is the Secretary of the State of Arkansas and the Secretary of the State Board of Election Commissioners.  In his role as Secretary of State, Defendant Bill McCuen plays an integral role in certifying candidates for election.  He is sued in his official capacity.

14.   The Defendant Steve Clark is Attorney General of the State of Arkansas and a commissioner of the State Board of Election Commissioners.  He is sued in his official capacity.

15.   The Defendant Jimmy Lou Fischer is Auditor of the State of Arkansas and Commissioner of the Board of Election Commissioners.  She is sued in her official capacity.

16.   Max Howell is an elected state senator and is Chairman of the Senate Judiciary Committee.  He is sued in his official capacities.

17.   J. L. "Jim" Shaver is an elected state representative and is chairman of the House Judiciary Committee.  He is sued in his official capacities.

18.   The defendants named herein are white citizens of the United States and residents of the State of Arkansas.

5

## V.   STATEMENT OF FACTS

19.   The jurisdiction of the circuit courts of Arkansas was established in the Arkansas Constitution, Article 7 Section 11, and the General Assembly was empowered to establish judicial districts pursuant to Article 7 Section 13 of the Arkansas Constitution.

20.   The chancery courts of Arkansas were established by the General Assembly pursuant to Article 7 Section 15 of the Constitution of Arkansas, Arkansas Code Annotated 16-13-301.

21.   The State of Arkansas is divided into twenty-four judicial districts, each of which is comprised of one or more contiguous counties.   From each judicial district, at least one circuit and one chancery judge or one circuit-chancery judge is elected.   Eight of the twenty-four districts are multi-member districts in that they have more than one circuit, chancery, or circuit-chancery judge.

22.   The 1989 General Assembly created seventeen additional circuit-chancery juvenile judgeships to be elected from certain of the existing circuit and chancery court judicial districts. These juvenile judges are scheduled to be elected in 1990 from seventeen of the existing circuit and chancery judicial districts.

23.   The election of circuit, chancery, and juvenile judges is through an at-large system within the district.

24.   Candidates for all judicial positions at issue herein are limited to a particular post or place on the ballot, thus

6

negating any effort by black voters to elect candidates of their choice through single-shot voting.

25. There is no district, county or ward residency requirement for candidates for circuit, chancery, or juvenile judgeships.

26. A majority vote requirement is in effect for all judicial positions at issue herein.

27. Black citizens constitute a minority of the voting age population and a minority of registered voters in each judicial district, according to the 1980 census.

28. No blacks have ever been elected to any judicial positions in the State of Arkansas. Three black individuals have served by the governor's appointment on a temporary basis to complete unexpired terms on the Arkansas Supreme Court. Two black individuals have served by the governor's appointment on a temporary basis to complete unexpired terms on the Arkansas Court of Appeals. One black individual has served by governor's appointment in a newly created circuit-chancery level position in the Eleventh District West. Three black individuals have been appointed by the governor to serve in the recently created circuit-chancery juvenile judge positions.

29. Arkansas law prohibits individuals who have served in any judicial capacity by appointment to succeed themselves by running for election after completion of their appointed term in office.

7

30. The State of Arkansas has a long history of private and official discrimination against blacks, including discrimination against blacks attempting to exercise their right to the franchise and to participate equally with whites in the political process.

31. Voting in Arkansas and within the judicial districts is and has been racially polarized.

32. Black citizens in Arkansas bear the effects of discrimination, including discrimination in education, housing, employment and health, which hinder their ability to participate effectively in the political process.

33. Blacks in Arkansas have less opportunity than other members of the electorate to participate in the political process and to elect representatives of their choice.

34. The policy underlying at-large elections for Arkansas circuit, chancery and juvenile court judges, the existing judicial district boundaries, the use of numbered posts, together with a majority vote requirement is tenuous at best.

35. Blacks in Arkansas and in the various judicial districts are geographically and politically cohesive and the candidates of their choice are usually defeated by whites voting as a bloc.

36. Using the 1980 census data, for the purpose of electing circuit, chancery and juvenile judges, it would be possible to implement an alternative districting arrangement in which majority-black, single-member subdistricts are created in

the geographic areas now defined as the First, Second, Sixth, Tenth, Eleventh East, Eleventh West and Seventeenth West districts. One such arrangement, but by no means the only alternative, would create two majority-black circuit subdistricts and one majority-black chancery subdistrict in a new district formed by combining the First and Second districts; would create two majority-black circuit and chancery subdistricts in a new district formed by combining the Tenth, Eleventh East and Eleventh West districts; and would create two majority-black circuit and chancery subdistricts in a new district formed by combining the Sixth (minus Perry County) and Seventeenth West districts. Under this alternative arrangement, a total of eleven majority-black subdistricts would be created. Each subdistrict created under this alternative would have a total population that falls within a 5% deviation from the ideal population for subdistricts within that district.

37. In the alternative, the failure to use a non-exclusionary at-large election system for circuit, chancery and juvenile judges dilutes the voting strength of Black voters. The use of a non-exclusionary at-large voting system could afford Blacks an opportunity to elect judicial candidates of their choice. For example, under an at-large system utilizing limited or cumulative voting, Black voters would have a more equal opportunity to elect circuit, chancery and juvenile judges.

38. The purpose and result of holding elections at-large for circuit, chancery and juvenile court judges, the use of

9

numbered posts, staggered terms, and the existing judicial boundaries coupled with a majority vote requirement is to deny or abridge the right of Blacks to vote on account of race or color.

## V. FIRST CAUSE OF ACTION

39. The present system of at-large elections for circuit, chancery and juvenile court judges and the use of numbered posts, staggered terms, and a majority vote requirement result in the denial or abridgement of the rights of plaintiffs and members of their class to vote on the basis of race or color in violation of Section 2 of the Voting Rights Act, 42 U.S.C. 1973, and the First, Thirteenth, Fourteenth and Fifteenth Amendments of the Constitution of the United States.

## VI. SECOND CAUSE OF ACTION

40. The present boundary lines for the circuit, chancery and juvenile court judicial districts have been drawn in a way that fragments concentrations of black population thereby diluting black voting strength and resulting in a denial or abridgment of the rights of plaintiffs and members of their class to vote on account of race or color in violation of Section 2 of the Voting Rights Act, 42 U.S.C. 1973, and the First, Thirteenth, Fourteenth and Fifteenth Amendments of the Constitution of the United States.

## VII. EQUITABLE RELIEF REQUESTED

41. There is a real and actual controversy between the parties, and plaintiffs have no complete and adequate remedy at

10

law other than this action for declaratory and injunctive relief. Plaintiffs are suffering irreparable injury as a result of the violations complained of herein and that injury will continue unless declared to be unlawful and enjoined by this Court.

WHEREFORE, Plaintiffs respectfully pray that this Court:

(a) Take jurisdiction of this case;

(b) Grant preliminary and permanent injunctive relief restraining and enjoining the defendants, their officers, agents, employees, attorneys, and successors in office, and all persons in active concert and participation with them, from any further implementation or enforcement of, and from holding any further primary or general elections under the election systems challenged herein;

(c) Declare that the election systems challenged herein unlawfully dilute black voting strength and denies to plaintiff and those similarly situated their rights secured by Section 2 of the Voting Rights Act of 1965, as amended and by the Fourteenth and Fifteenth Amendments to the United States Constitution and 42 U.S.C. 1983;

(d) Require defendants to develop and establish a scheme for electing chancery, circuit and juvenile judges in the districts at issue herein that fully remedies the dilution of black voting strength and provides black voters with an equal opportunity to elect judicial candidates of their choice such as, but not necessarily limited to, the use of single-member districts as described in ¶ 36 supra, and/or limited or

11

cumulative voting as described in ¶ 37, <u>supra</u>;

(e) Award plaintiffs the costs of this action together with their reasonable attorneys' fees;

(f) Retain jurisdiction of this action and grant plaintiffs any further relief which may in the discretion of this Court be necessary and proper to ensure that racially fair election procedures are used in the election of the judges to the Arkansas circuit and chancery courts in the districts at issue here.

                              RESPECTFULLY SUBMITTED,

                              LISA A. KELLY
                              520 West Second Avenue
                              Pine Bluff, AR 71601
                              501-534-4460

                              BY:_____
                                     LISA A. KELLY

                              ARKIE BYRD
                              415 Main Place
                              Little Rock, AR 72203
                              501-372-6303

                              BY:_____
                                     ARKIE BYRD

                              ROY LEWELLEN
                              14 West Main Street
                              Marianna, AR 72360
                              (501) 295-2764

                              JULIUS LEVONNE CHAMBERS
                              CHARLES STEPHEN RALSTON
                              JUDITH REED
                              DAYNA CUNNINGHAM
                              99 Hudson Street
                              New York, N.Y. 10013
                              212-219-1900

                              <u>Attorneys for Plaintiffs</u>

12

## CERTIFICATE OF SERVICE

I,   Lisa A. Kelly, do hereby certify that a copy of the foregoing Motion for Leave to File and Third Amended Complaint has been served by depositing the same in the United States Mail, First Class Mail prepaid on this _____ day of December, 1989 upon:

>
> Mr. Jeff Bell
> Ms. Connie Griffin
> Assistant Attorneys General
> 4th and Center Streets
> Tower Building
> Little Rock, AR 72201
>
> Mr. Phil Kaplan
> Attorney at Law
> 415 Main Place
> Little Rock, AR 72201
>
> Mr. Jack McNulty
> Attorney at Law
> Post Office Box 7808
> Pine Bluff, AR 71611

_____
LISA A. KELLY

13