



**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 23 1992

CARL R. BRENTS, CLERK
By: _____
                    DEP. CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

EUGENE HUNT, et al.                                    Plaintiffs

v.                     No. PB-C-89-406

STATE OF ARKANSAS, et al.                              Defendants

## MOTION TO RE-OPEN AND AMEND CONSENT DECREE

Come the parties, by and through counsel, and move the Court to Re-open and Amend the Consent Decree filed November 7, 1991, for the following reasons:

1. Section II. B. of the Consent Decree provides on page 56 that

> [a]ll incumbent judges whose present terms continue beyond December 31, 1992, and whose divisions or judgeships are placed in the majority African-American subdistricts shall be allowed at their option to continue to serve <u>as special judges</u> until they reach the end of their terms... Those incumbents who may be holding over ... will serve as <u>special</u> judges either in their own judicial districts, or through statewide assignment by the <u>Arkansas Administrative Office of the Courts</u>, in accordance with existing law and procedure.
>
> The judicial positions elected from the majority African American subdistricts shall become available in time for the local primary and general elections, with the successful candidates taking office on January 1, 1993.  (underscored language proposed for change).

2. One purpose of these provisions is to allow

incumbent judges to continue to serve as judges and to receive the salaries and personal perquisites of their offices. Additionally, this section provides for the efficient and orderly administration by the State of the holdover judgeships. Finally, these provisions are meant to show the parties' intent that the judges elected in the majority African American sub-district be elected for full terms.

    3. In order to more fully attain those goals, the parties propose herein to amend the section of the decree set out above by making the following changes:

> All incumbent judges whose present terms continue beyond December 31, 1992, and whose divisions or judgeships are placed in the majority African-American subdistricts shall be allowed at their option to continue to serve as judges <u>at large, in positions funded by the state as to their compensation,</u> until they reach the end of their current terms.... Those incumbents who may be holding over until December 31, 1994, or thereafter as set forth above, will serve as judges <u>at large, subject to assignment by the Chief Justice of the Arkansas Supreme Court to hear cases in any judicial district of the State of Arkansas.</u> The judicial positions elected from the majority African American sub-districts shall become available for election in time for the 1992 primary and general elections, with the successful candidates taking office on January 1, 1993. <u>Circuit judges from these districts shall be elected for four year terms, and chancery judges for six year terms.</u>

    4. The effect of these changes will be threefold. First, the amendment will place responsibility for the assignment of the holdover judges with the Chief Justice,

2693T

                         2

rather than with the Administrive Office of the Courts. This arrangement is more in keeping with existing state law and procedure, as the Supreme Court, through the Chief Justice, has "general superintending control over the administration of justice in all courts in the state of Arkansas." A.C.A. § 16-10-101(a) (1991 Supp.). The Administrative Office of the Courts merely assists the Chief Justice in performing his supervisory functions. A.C.A. § 16-10-102 (1991 Supp.).

Second, the amendment eliminates the use of the term "special judges", in favor of the term "judges at large" This is merely a technical adjustment in the language of the decree to assure that the state may make the most efficient use of the holdover judges in areas where they are needed most.

Finally, the parties submit additional language concerning the term of office to clarify their intent that the circuit judges elected under the terms of the decree be elected for full four-year terms and the chancery judges to full six-year terms.

7. A copy of the proposed amended decree is attached for the court's consideration and signature.

WHEREFORE, the parties pray that the Consent Decree be reopened and amended to reflect the changes set out herein.

Respectfully submitted,

WINSTON BRYANT
Attorney General

2693T                              3

BY: _____
TIM HUMPHRIES, #84080
Assistant Attorney General
323 Center St., Suite 200
Little Rock, AR 72201-2610
(501) 682-2007

_____
P.A. HOLLINGSWORTH, #69034
Hollingsworth Law Firm
415 Main Place
Little Rock, AR 72201

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I, Tim Humphries, Assistant Attorney General, do hereby certify that I have served the foregoing by mailing a copy of same, U.S. Mail, postage prepaid on this 23 day of August, 1992 to:

JULIUS L. CHAMBERS
C. STEPHEN RALSTON
DAYNA L. CUNNINGHAM
GAILON W. MCGOWEN, JR.
NAACP Legal Defense and
  Educational Fund, Inc.
99 Hudson St.
Suite 1600
New York, New York 10013

ARKIE BYRD, #80020
Mays & Crutcher
415 Main Place
Little Rock, AR 72201

PHILIP E. KAPLAN, #68026
415 Main Place
Little Rock, AR 72201

P.A. HOLLINGSWORTH, #69034
Hollingsworth Law Firm
415 Main Place
Little Rock, AR 72201

LISA KELLY, #82202
Hunt and Kelly
219 W. 5th Avenue
Pine Bluff, AR 71601

_____
TIM HUMPHRIES

2693T                                    4