FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 24 1992

CARL R. BRENTS, CLERK
By: _____
                DEP. CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

EUGENE HUNT, et al.                                    Plaintiffs

v.                       No. PB-C-89-406

STATE OF ARKANSAS, et al.                              Defendants

### AMENDED CONSENT DECREE

#### Introduction

This Voting Rights case was filed on July 27, 1989, alleging violations of the Fourteenth and Fifteenth Amendments to the United States Constitution and §2 of the Voting Rights Act, 42 U.S.C. §1973, as amended in 1982. The Court has jurisdiction over this action pursuant to 42 U.S.C. §1971(d), 1973j(f) and 28 U.S.C. §§1331, 1343, 2201, 2202.

A. **Parties**. The plaintiffs in this action are African American residents of the judicial districts challenged in this action. They allege that the use of a system of electing judges to the courts of general jurisdiction that features at-large, multimember districts from which judges run for numbered posts in staggered terms violates the Voting Rights Act in that it denies African Americans equal opportunity to participate in the political process and to elect candidates of their choice. Plaintiffs have withdrawn their claims of intentional discrimination under the Voting Rights Act and the Fourteenth and Fifteenth Amendments of the United States Constitution, as set out in

THIS DOCUMENT ENTERED ON DOCKET SHEET IN COMPLIANCE WITH RULE 58 AND/OR 79(a) FRCP
ON 9-28-92 BY EJ

the Third Amended Complaint.

The defendants are officers or agents of the State of Arkansas who are charged with the responsibility of creating and administering the plan of judicial apportionment and the allocation of judges of the trial courts of general jurisidiction in the State. The defendants admit liability under §2 of the Voting Rights Act, 42 U.S.C. §1973, as amended in 1982, in each of the following five Arkansas Judicial Districts: One, Two, Six, Ten and Eleven West. The pleadings and history of this action are contained in the Court's record.

Consistent with all of the foregoing, and the Court being fully apprised, it is ORDERED, ADJUDGED and DECREED as follows:

## I. General

A.  **Purpose**.   The purpose of this Decree is to provide African American voters improved and equal access to the political processes for electing judges to the trial courts of general jurisdiction in the State of Arkansas and to enhance the political participation and awareness of all citizens.

B.  **Voting Rights**.   Voting is a right inherent in citizenship in the State of Arkansas and in the United States. This right specifically includes the right to creation by the State of judgeships and the redistricting of judicial districts in such a way as not to dilute the voting strength of African American voters.

C. <u>Existing Judicial Districts</u>.   The remedy ordered by this Court will not disturb the existing district lines of the present judicial districts except to the extent that it creates electoral sub-districts within the First, Second, Sixth, Tenth and Eleventh West Judicial Districts for the purposes of election only.  All judges elected from the electoral sub-districts will exercise jurisdiction district-wide in their capacity as circuit, chancery or circuit-chancery judges.  There will be no sub-district residency requirement.

D. <u>Remaining Claims</u>.   The plaintiffs withdraw their claims, set out in the Third Amended Complaint, regarding the Eleventh East and Seventeenth West Judicial Districts.

## II. Creation of Majority African American Judicial Sub-Districts

A.  The remedy established by the Court shall consist of the creation of majority African American and majority white population electoral sub-districts in Judicial Districts One, Two, Six, Ten, and Eleven West, to elect certain judicial posts, as follows:

(1) In Judicial District 1, two sub-districts will be created: one comprising a total population of 60,414 persons, with a white voting age population (WVAP) of 33,604 persons, or 78.14 percent, for the election of one circuit judgeship (Division Two) and one chancery judgeship (Division One); and one comprising a total population of 49,978 persons, with an African American voting age population (BVAP) of 19,781 persons, or 62.00 percent, for the election of one circuit judgeship (Division One) and one chancery judgeship (Division Two).  The existing juvenile judgeship will be elected at-large.

3

5094i

(2) In Judicial District 2, two sub-districts will be created: one comprising a total population of 211,064 persons, with a WVAP of 143,849 persons, or 92.48 percent, for the election of two circuit judgeships (currently held by C. David Burnett and Gerald Pearson); and one comprising a total population of 39,931 persons, with a BVAP of 15,551 persons, or 60.47 percent, for the election of one circuit judgeship (currently held by Olan Parker, Jr.). All other existing judgeships will be elected at-large.

(3) In Judicial District 6, two sub-districts will be created: one comprising a total population of 258,313 persons, with a WVAP of 175,093 persons, or 90.00 percent, for the election of five circuit judgeships (Divisions Two, Three, Four, Six, and Seven), five chancery judgeships (Divisions Two, Three, Four, Five, and Six), and one circuit/chancery juvenile judgeship (Chancery Division Seven); and one comprising a total population of 99,316 persons, with a BVAP of 41,939 persons, or 60.38 percent, for the election of two circuit judgeships (Divisions One and Five), one chancery judgeship (Division One), one circuit/chancery juvenile judgeship (Chancery Division Eight), and the circuit/chancery judgeship that has been recommended by the Arkansas Judicial Council, Inc., when it is created by the Arkansas General Assembly. The existing circuit/chancery mental health judge will be elected at-large.

(4) In the 10th Judicial District, two sub-districts will be created: one comprising a total population of 48,399 persons, with a WVAP of 30,342 persons, or 85.13 percent, for the election of one circuit judgeship (Division Two); and one comprising a total population of 37,973 persons, with a BVAP of 14,681 persons, or 58.00 percent, for the election of one circuit judgeship (Division One). All other existing judgeships will be elected at-large.

(5) In Judicial District 11W, two sub-districts will be created: one comprising a total population of 49,519 persons, with a WVAP of 29,557 persons, or 82.39 percent, for the election of one circuit judgeship (Division Two) and one chancery judgeship (Division One); and one comprising a total population of 49,658, with a BVAP of 21,726 persons, or 60.41 percent, for the election of one

4

5094i

>circuit judgeship (Division One) and one chancery judgeship (Division Two). The existing circuit/chancery juvenile and circuit/chancery judgeships will be elected in the District at-large. If and when an additional judgeship is recommended by the Arkansas Judicial Council, Inc., and created by the Arkansas General Assembly in Judicial District 11W, it will be assigned to the majority African American sub-district.

No changes in any of these sub-districts or in the allocation of judgeships among them may be made except by order of the Court.

   B.   <u>Incumbent Judges</u>.   All incumbent judges whose present terms continue beyond December 31, 1992, and whose divisions or judgeships are placed in the majority African American sub-districts shall be allowed at their option to continue to serve as judges at large, in positions funded by the State as to their compensation until they reach the end of their current terms, they retire, resign, or until December 31, 1994, whichever occurs first. If any of these judges have not vested their judicial retirement by December 31, 1994, then they may continue to serve for up to 12 more months, if that will allow them to acquire sufficient credits to vest their retirements. Those incumbents who may be holding over until December 31, 1994, or thereafter as set forth above, will serve as judges at large, subject to assignment by the Chief Justice of the Arkansas Supreme Court to hear cases in any judicial district of the State of Arkansas.

   The judicial positions elected from the majority African

American sub-districts shall become available for election in time for the 1992 primary and general elections, with the successful candidates taking office on January 1, 1993. The circuit judges in these districts shall be elected for four year terms, and the chancery judges for six year terms. The only exception is the Sixth District, Eighth Division Chancery Court, as explained below. The successful candidates will then occupy the statutory divisions of the trial courts within their districts. Each judge elected from the sub-districts shall retain the staff positions and housing assigned to their division. All judges serving in the divisions elected from the sub-districts shall have the same rights as all other judges in the district with regard to assignment of civil and criminal cases, any provisions of Arkansas Code Annotated §§16-13-1412, 16-13-1413 and 16-13-1414 notwithstanding.

Only those judgeships for which terms expire on December 31, 1992, or those that are placed within the majority African American sub-districts, will stand for election in 1992. Eighth Division Chancery Court in the Sixth Judicial District will not be required to stand for election in 1992, but will be allowed to continue the remainder of the present term, which does not expire until December 31, 1994.

### III. Parity

Under this Decree, defendants have a continuing obligation to comply with the requirements of the Voting Rights Act in that they may not take any action that will

result in the dilution of African American votes. The entities involved by law in the process of creation of new judgeships as well as the continuation or modification of judicial districts are the Arkansas Judicial Council, Inc., and the Arkansas General Assembly. Act 864 of 1989 requires the Arkansas Judicial Council, Inc., to evaluate and make recommendations to the Arkansas General Assembly regarding all proposals for new judgeships and changes in judicial districts before the Arkansas General Assembly acts upon such matters. In order that this process continue in its intended manner, while maintaining compliance with the requirements of Section 2 of the Voting Rights Act, the following is made a part of this Decree:

    (A) To the list of applicable criteria for both the creation of new judgeships and any proposed changes in judicial districts considered by the Judicial Council or the General Assembly is added the requirement of compliance with Section 2 of the Voting Rights Act.

    (B) The Judicial Council shall convene a Biracial Advisory Committee ("the Committee"), comprised of three African American and three white judges to be selected from the Council's membership. The chair of this Committee shall rotate annually between an African American and a white member. The Committee shall advise the entire Council of the requirements of Section 2 of the Voting Rights Act and the actions

necessary to remain in compliance with such requirements. At least annually, the Committee shall prepare a report to the Court, the plaintiffs, and the State of Arkansas concerning the operations of the Arkansas judicial system relating to the requirements and goals of this Decree. The State of Arkansas shall pay the costs of production and mailing of a reasonable number of copies of this report.

(C) Plaintiffs' local counsel will be given thirty days' notice of any meetings of the Judicial Council or its committees at which any matters concerning the creation of new judgeships or redistricting will be discussed. Should the plaintiffs object to any proposed recommendation of new judgeships or redistricting, or any proposed legislation regarding the creation of new judgeships or redistricting, notice in writing of such objection shall be given to the Attorney General and filed with the Court within fifteen days of the Council's notification to the plaintiffs of the proposed action(s) to be taken. The parties agree to confer in good faith with each other for a period of thirty days in an effort to resolve the objection. The Court shall be notified of any resolution of the objection by the parties.

(D) When the recommendations of the Arkansas Judicial Council are forwarded to the Arkansas General Assembly for its consideration, and any bill involving

these matters is placed on the agenda of either the House or Senate Judiciary Committees, plaintiffs' local counsel will be given notice by the Committee to which it is referred, by that Committee's staff. Should the plaintiffs object to any resulting legislation regarding the creation of new judgeships or redistricting, notice in writing of such objection shall be filed with the Court within thirty days of the passage of such legislation.

Among the five Districts covered by this Decree, priority will be given to the creation of additional judgeships to be allocated to the African American sub-districts, and/or redistricting, in the Second, Tenth, and Eleventh West Districts, unless not justified by caseload or other reasonable, non-discriminatory considerations.

The parties agree that no attorneys' fees or costs will be awarded in connection with the proceedings described in Section III unless the District Court takes some action adverse to the defendants.

### IV. Attorneys Fees, Costs and Expenses

The parties have agreed to attempt to resolve attorneys fees in good faith. To that end the plaintiffs will submit all of their fee and expense statements to counsel for defendants within ten days of the date of this Decree. Within five days of that submission counsel for defendants will review that fee request, and will confer with opposing

9

5094i

counsel within an additional five days to attempt to agree upon the fee request. In the event counsel are not able to agree on the entire fee request, counsel for defendants will agree to a minimum number of hours and minimum hourly rate that they will not dispute and that will be paid within 45 days.

With regard to any amount in dispute, the plaintiffs will submit their entire fee statement to the Court within thirty days of the last meeting with the defendants. Defendants will file their response within fourteen days from the plaintiffs' filing and the plaintiffs shall have five days after that within which to reply.

### V.  Compliance and Reporting

A.   Defendants shall be in full compliance with Section II of this Decree by March 17, 1992, the date the candidate qualifying period for judicial candidates begins. If defendants are not in compliance by that date, the Court shall order the remedy described in Section II into effect. Judges elected under the provisions of Section II shall assume office by January 1, 1993.

B.   Counsel for the parties agree to confer with each other in good faith on the terms and purposes of this Decree or on any modification of this Decree as the necessity arises in advance of petitioning the Court for relief from or modification of this Decree.

### VI.  Jurisdiction

The Court shall retain jurisdiction of this Action to

supervise performance of the terms of this Decree, and to grant such supplemental or corrective relief as may be necessary or appropriate. However, the parties shall endeavor to resolve any differences arising under this Decree themselves before applying to this Court. Provided the defendants comply in a timely fashion with their duties under this Decree, the defendants, individually or jointly, may petition the Court after January 2, 2001, for an end to the Court's jurisdiction over this case.

_____
United States District Judge

9/23/92
_____
Date

Approved:

_____
P.A. HOLLINGSWORTH, #69034
Hollingsworth Law Firm
415 Main Place
Little Rock, AR 72201
(501) 374-3420

JULIUS L. CHAMBERS
C. STEPHEN RALSTON
DAYNA L. CUNNINGHAM
GAILON W. MCGOWEN, JR.
NAACP Legal Defense and
  Educational Fund, Inc.
99 Hudson St.
Suite 1600
New York, New York 10013
(212) 219-1900

ARKIE BYRD, #80020
Mays & Crutcher
415 Main Place
Little Rock, AR 72201
(501) 372-6303

Case 5:89-cv-00406-JM   Document 81   Filed 09/24/92   Page 12 of 14

LISA KELLY, #82202
Hunt and Kelly
219 W. 5th Avenue
Pine Bluff, AR 71601
(501) 534-4460

Counsel for Plaintiffs


WINSTON BRYANT
Attorney General

By:

_____
JEFFREY A. BELL, #77009
Deputy Attorney General
TIM HUMPHRIES, #84080
Assistant Attorney General
323 Center St., Suite 200
Little Rock, AR 72201-2610
(501) 682-2007

PHILIP E. KAPLAN, #68026
415 Main Place
Little Rock, AR 72201
(501) 372-0400

Counsel for Defendants

12

5094i

```
                    UNITED STATES DISTRICT COURT
                      Eastern District of Arkansas
                       U.S. Post Office & Court House
                              P.O. Box 869
                      Little Rock, Arkansas 72203-0869
```

Sept 28, 1992
~~March 2, 1992~~

\* \* MAILING CERTIFICATE OF CLERK \* \*

Re:  5:89-cv-00406.

True and correct copies of the attached were mailed by the clerk to the following:

```
    Dayna L. Cunningham, Esq.
    NAACP Legal Defense Fund Inc.
    99 Hudson Street
    16th Floor
    New York, NY   10013

    P. A. Hollingsworth, Esq.
    Hollingsworth Law Firm, P.A.
    Main Place Building
    415 Main Street
    Little Rock, AR   72201-3801

    Julius L. Chambers, Esq.
    NAACP Legal Defense Fund, Inc.
    99 Hudson Street
    16th Floor
    New York, NY   10013

    Roy C. Lewellen, Esq.
    Attorney at Law
    Gernard Building
    14 West Main Street
    Marianna, AR   72360-2247

    Arkie Byrd, Esq.
    Mays & Crutcher
    415 Main Street
    Little Rock, AR   72201-3801

    Lisa A. Kelly, Esq.
    Hunt & Kelly
    219 West 5th Avenue
    Pine Bluff, AR   71601-4129

    Gallon W. McGowen, Esq.
```

```
NAACP LDF
99 Hudson Street
Suite 1600
New York, NY  10013

Philip E. Kaplan, Esq.
Kaplan, Brewer & Maxey
415 Main Street
Metro Centre Mall
Little Rock, AR  72201-3801

Jeffrey A. Bell, Esq.
Attorney General's Office
200 Tower Building
323 Center Street
Little Rock, AR  72201-2610
```

Carl R. Brents, Clerk

Date: 9-28-92

BY: *[signature]*