

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 20 1995

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

EUGENE HUNT, et al.                                               PLAINTIFF

VS                           NO. PB-C-89-406

STATE OF ARKANSAS, et al.                                         DEFENDANT

CURTIS LEE                                                        INTERVENOR

## MOTION TO INTERVENE

COMES NOW Intervenor, Curtis Lee, and states as follows:

### NATURE AND PURPOSE

1.

This motion is predicate necessary to challenge the constitutionality of the consent decree previously entered herein whereby a plan for at-large judicial redistricting was agreed to by the initial parties, and implemented by the Defendants on or after November 7, 1991. Thereunder special sub-districts were created in Judicial Districts 1, 2, 6, 10, and 11 West. Intervenor's challenge is brought under the Equal Protection Clause of the United States Constitution inasmuch as the creation of the special sub-districts constitutes an effort to segregate voters into different judicial sub-districts on the basis of race and in the absence of a compelling governmental interest.

The consent decree divides the various districts in consideration of only one factor -- the race of the inhabitants. The decree states no other explanation for the configuration of the sub-districts and no other explanation exists except the stated purpose of racial gerrymandering. Upon the authority of the recent U. S. Supreme Court opinions in

*Shaw v. Reno*, 509 U.S. ___, 113 S.Ct. 2816, 125 L.Ed.2d 511, 1993 U.S. Lexis 4406 (1993), and *Johnson v. Miller*, ___ U.S. ___, 1995 U.S. Lexis 4462 (delivered June 29, 1995), Intervenor seeks a vacation of the consent decree, a declaration that the parties engaged in racial gerrymandering, a declaration that the redistricting plan mandated by the consent decree and as implemented by the parties is unconstitutional, an order abolishing all sub-districts created, an injunction preventing future elections in compliance with the redistricting plan; a return to all affected districts as they existed before the entry and implementation of the redistricting plan; a declaration that all elections conducted pursuant to the redistricting plan are unconstitutional, and, that all judicial positions created, modified, or destroyed thereto are unconstitutional.

## PROCEDURE

2.

Intervenor seeks to participate in this action as a matter of right as set forth in F.R.C.P. 24(a) inasmuch as the current action has in the past, and will in the future, impair or impede Intervenor ability to protect their interest. The consent decree and the redistricting plan created therein directly affects the rights and privileges of Intervenor and all other citizens of the affected districts; however, no notice of the action was provided to Intervenor or others.

3.

Intervenor's interests are not served or protected by the parties to this action. Since *Shaw v. Reno, supra*, was delivered in 1993, the redistricting plan embodied within the consent decree is clearly unconstitutional. In *Miller v. Johnson, supra*, the United States Supreme Court again voiced its displeasure with electoral districts drawn according to the race of the inhabitants. Yet, despite these clear invitations to challenge the consent decree, no

party, including the Attorney General for the State of Arkansas, has done so. Without Intervenor's direct participation as a party herein, his interest will not be protected by Plaintiffs or Defendants. Alternatively, Intervenor seeks permissive intervention pursuant to F.R.C.P. 24(b) based on the same grounds outlined above.

4.

Paragraph VI of the consent decree provides that this Court retains jurisdiction of the action to supervise performance of the decree, and to grant any supplemental or corrective relief as may be necessary or appropriate. A recent inspection of the file as kept and maintained by Elaine Freyer, Deputy Clerk, United States District Court for the Eastern District of Arkansas, Pine Bluff Division, reveals that no other supplemental or corrective relief is requested except Intervenor's motion.

WHEREFORE, premises considered, Intervenor prays that his Motion to Intervene be granted, and for all other just and proper relief.

CURTIS LEE, Intervenor

CHARLES S. GIBSON, #70027
C. S. "CHUCK" GIBSON, II, #90030
**GIBSON LAW OFFICE**
107 North Freeman Street
Drawer 510
Dermott, Arkansas 71638-0510
Telephone: (501) 538-3288
Facsimile: (501) 538-5029

and

JOHN RICHARD BYRD, SR.
Attorney at Law
Post Office Drawer 270
Hamburg, Arkansas 71646-0270
Telephone No.: (501) 583-8225
Facsimile No. (501) 853-8226

BY: _____
C. S. "CHUCK" GIBSON, II, #90030

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been delivered by United States Mail, first class delivery, to the following this the 20th day of July, 1995:

Dayna L. Cunningham, Esq.
NAACP Legal Defense Fund, Inc.
99 Hudson Street
16th Floor
New York, NY 10013

P. A. Hollingsworth, Esq.
Hollingsworth Law Firm, P.A.
Main Place Building
415 Main Street
Little Rock, AR 72201-3801

Julius L. Chambers, Esq.
NAACP Legal Defense Fund, Inc.
99 Hudson Street
16th Floor
New York, NY 10013

Roy C. Lewellen, Esq.
Attorney at Law
14 West Main
Gerrard Building
Marianna, AR 72360-2247

Arkie Byrd, Esq.
Mays & Crutcher
415 Main Street
Little Rock, AR 72201-3801

Lisa A. Kelly, Esq.
Hunt & Kelly
219 West 5th Avenue
Pine Bluff, AR 71601-4129

Jack A. McNulty, Esq.
Attorney at Law
P. O. Box 7808
Pine Bluff, AR 71611

_____
C. S. "CHUCK" GIBSON, II