FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 29 1996

JAMES W. McCORMACK, CLERK
By: _____
                    DEP\_

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

EUGENE HUNT                                                    PLAINTIFF

v.                      No. PB-C-89-406

STATE OF ARKANSAS, ET AL.                                     DEFENDANTS

ORDER

Curtis Lee, a resident of Arkansas Judicial District 10, has moved to intervene and to vacate the consent decree entered into by the parties and approved by the Court on November 7, 1991. In support of his motions, Lee cites Shaw v. Reno, 509 U.S. 630 (1993) and Johnson v. Miller, \_\_\_ U.S. \_\_\_, 115 S.Ct. 2475 (1995).

The defendants have not responded to the proposed intervenor's motions; the plaintiffs have filed a lengthy response in opposition both to the motion to intervene and the motion to vacate.

The State of Arkansas is a party to this case and is ably represented by counsel. As a citizen of the State of Arkansas, Mr. Curtis is, presumably, currently represented in this lawsuit. See e.g., Mille Lacs Band of Chippewa Indians v. State, 989 F.2d 994, quoting Environmental Defense Fund, Inc. v. Higginson, 631 F.2d 738 (D.C.Cir 1979) ("[A] state that is a party to a suit involving a matter of sovereign interest is presumed to represent the interests of all its citizens. Thus, to intervene in a suit in district court in which a state is already a party, a citizen or subdivision of that state must overcome this presumption of adequate

THIS DOCUMENT ENTERED ON DOCKET SHEET IN COMPLIANCE WITH RULE 58 AND/OR 79(a) FRCP ON 4-1-96 BY Ed.



representation.")  This presumption is particularly persuasive in this case in which, by terms of the consent decree, the Court retains jurisdiction of the action to supervise the implementation of the decree and to grant additional relief as may be necessary. Mr. Lee has failed to offer any evidence at all to rebut the presumption that his interests are represented, other than the fact that he apparently disagrees with the terms agreed to in the consent decree.

Even if Mr. Lee were permitted to intervene, the facts of the case at bar are readily distinguishable from those in <u>Miller</u> and <u>Shaw</u>.  The settlement reached among the parties to this case goes to great lengths to consider traditional political boundaries. None of the subdistricts created by the consent decree are bizarre in shape.  In sum, although race was certainly an important factor in drawing judicial subdistrict lines, race was not the only factor considered and the results were not so gerrymandered as to compared with the situation in the <u>Miller</u> case.

Accordingly, for stated reasons, the Motion to Intervene (Doc #84) is denied; the Motion to Vacate Consent Decree (Doc #85) is denied this 29th day of March, 1996; the Motion to Extend Time to Respond to the Motion to Intervene is denied as moot.

DATED this 29th day of March, 1996.

UNITED STATES DISTRICT JUDGE

ef

UNITED STATES DISTRICT COURT
Eastern District of Arkansas
U.S. Post Office & Court House
P.O. Box 869
Little Rock, Arkansas 72203-0869


April 1, 1996



* * MAILING CERTIFICATE OF CLERK * *


Re:  5:89-cv-00406.



True and correct copies of the attached were mailed by the clerk to the following:


    Perlesta A. Hollingsworth, Esq.
    Hollingsworth Law Firm, P.A.
    Main Place Building
    415 Main Street
    Little Rock, AR   72201-3801

    Roy C. Lewellen, Esq.
    Lewellen & Associates
    17 North Poplar Street
    Post Office Box 287
    Marianna, AR   72360-0287

    Arkie Byrd, Esq.
    Mays & Crutcher
    415 Main Street
    Little Rock, AR   72201-3801

    Lisa A. Kelly, Esq.
    Hunt & Kelly
    219 West Fifth Avenue
    Pine Bluff, AR   71601-4129

    Jacqueline A. Berrien, Esq.
    NAACP Legal Defense & Educational Fund, Inc.
    99 Hudson Street
    Suite 1600
    New York, NY   10013

    Philip E. Kaplan, Esq.
    Kaplan, Brewer & Maxey, P.A.
    Metro Centre Mall
    415 Main Street
    Little Rock, AR   72201-3801

    Jeffrey A. Bell, Esq.

University of Arkansas
Office of the General Counsel
1123 South University Avenue
University Tower Building, Suite 601
Little Rock, AR  72204

Charles S. Gibson II, Esq.
Gibson Law Office
107 North Freeman Street
Post Office Drawer 510
Dermott, AR  71638-0510

John Richard Byrd Sr., Esq.
Attorney at Law
204-A East Lincoln
Post Office Drawer 270
Hamburg, AR  71646-0270

James W. McCormack, Clerk

Date: _____4-1-96_____      BY: _____[signature]_____