# United States District Court
# Eastern District of Arkansas
# Pine Bluff Division

| | |
|---|---|
| Eugene Hunt, et al., *Plaintiffs*, v. State of Arkansas, et al., *Defendants*. | Civil Action No. 5:89-cv-406 |

## Motion to Terminate, or in the Alternative Modify, Consent Decree

For its Motion to Terminate, or in the Alternative Modify, Consent Decree, State Defendants state:

1. Federal Rule of Civil Procedure 60(b) allows courts to modify or terminate consent decrees. *See Smith v. Bd. of Educ. of Palestine-Wheatley Sch. Dist.*, 769 F.3d 566, 570–71 (8th Cir. 2014).

2. In 1991, the parties agreed to and the Court entered a consent decree. Doc. 75. The next year, the district court entered an amended consent decree (the "consent decree"), as the parties requested. Doc. 81. The consent decree purposely created multiple majority-minority electoral subdistricts in several Arkansas judicial circuits. Doc. 81, at 3–5.

3. For the past 35 years, the Court has maintained jurisdiction over the consent decree, and State Defendants have complied with the consent decree's terms and used the required racially sorted districts. *See, e.g.*, Doc. 107 (in 2002, making "negligible" changes to the original subdistrict boundaries that were then in effect); *Circuit Court Districts*, Arkansas Spaciatial Data Infrastructure Portal, https://arcg.is/1C1reT4 (last visited Nov. 2, 2026) (showing current boundaries for Arkansas circuit court districts); Ex. 3 (overlaying the 2000 Census file with the current circuit court district boundaries, showing that the boundaries are based on the 2000 Census map); Ex. 4 (declaration from Shelby Johnson explaining Exhibit 3's significance and declaring that the boundaries have not been changed to align with subsequent census maps); Ex. 1, at 2–3 (identifying Sixth Judicial Circuit subdistrict judges post-2024 General Election).

4. Much has changed since the consent decree was entered, including significant changes to the law. *See Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 388 (1992). For example, the Supreme Court in *Louisiana v. Callais*, 146 S. Ct. 1131, 1162 (2026) held that § 2 of the VRA

does not require States to create majority-minority districts and that States violate the Constitution when they use race to draw district lines.

5. Because the consent decree used race to draw the judicial subdistricts, *see* Doc. 81 at 3–5, Defendants' continued compliance with the consent decree is "impermissible under federal law," *Rufo*, 502 U.S. at 388. As a result, the consent decree must be effectively terminated. *Id.*; *Palestine-Wheatley*, 769 F.3d at 573.

6. The consent decree was also based on misunderstandings of governing law. *Rufo*, 502 U.S. at 390. For example, when the consent decree was filed, the parties believed that § 2 covered more than intentional discrimination. *See* Doc. 81, at 1–2. That belief was mistaken. *See Callais*, 608 U.S. at 1157. Effective termination of the consent decree is necessary to correct this fundamental misunderstanding. *See Rufo*, 502 U.S. at 390; *Palestine-Wheatley*, 769 F.3d at 573.

7. The consent decree should independently be terminated because Defendants have fully complied with the consent decree in good faith since it was entered and any vestiges of past discrimination have been eliminated to the extent practicable. *See Bd. of Educ. of Okla. City Pub. Schs. v. Dowell*, 498 U.S. 237, 249–50 (1991); *Cody v. Hillard*, 139 F.3d 1197, 1199 (8th Cir. 1998).

8. Continued federal supervision and enforcement of the consent decree interferes with the State's ability to direct its elections and violates the Constitution by dividing voters into subdistricts solely because of the color of their skin.

9. The Court should therefore terminate the consent decree and "remov[e] this case[] from the federal docket." *United States v. Junction City Sch. Dist.*, 14 F.4th 658, 668 (8th Cir. 2021).

10. A brief in support is being filed contemporaneously and is incorporated by reference.

WHEREFORE, the State Defendants respectfully ask the Court to grant this Motion to Terminate, or in the Alternative Modify, Consent Decree and to grant all other just and proper relief.

Respectfully submitted,

TIM GRIFFIN
Arkansas Attorney General

AUTUMN HAMIT PATTERSON
Solicitor General

SKYLAR BURTON
Assistant Solicitor General

OFFICE OF THE ARKANSAS ATTORNEY GENERAL
101 West Capitol Avenue
Little Rock, Arkansas 72201
(501) 682-2007
skylar.burton@arkansasag.gov
autumn.patterson@arkansasag.gov

*Counsel for State Defendants*