**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**EUGUENE HUNT, *et al.*,** **PLAINTIFFS,**

**v.** **Case No. 5:89-cv-00406-JM**

**STATE OF ARKANSAS, *et al.*,** **DEFENDANTS.**

**JOINT MOTION FOR A STATUS CONFERENCE**

Plaintiffs Eugene Hunt, Christian Ministerial Alliance, and Olly Neal ("Plaintiffs")[1] and Defendants Governor, Secretary of State, Attorney General, Auditor, Chairman of the Senate Judiciary Committee, and Chairman of the House Judiciary Committee (collectively, "Arkansas") respectfully move this Court for a status conference on Arkansas's pending Motion to Terminate, or in the Alternative Modify, Consent Decree, ECF Nos. 149, 150 ("Motion"). The Parties respectfully request that this Motion constitute the required brief under Local Rule 7.2(a).

In support of the Parties' Joint Motion for a Status Conference, **the Parties submit that:**

1. Defendants filed their Motion and memorandum in support on November 5, 2026. ECF Nos. 149, 150.

2. Pursuant to the Court's Local Rules, a response in opposition to any motion is due within 14 days from the date of service of copies of a motion and supporting papers. Local Rule 7.2(b).

3. A motion to dissolve a consent decree is governed by Federal Rule of Civil Procedure 60(b), which allows a court to modify or vacate a consent decree if "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; . . . applying it prospectively is no longer equitable; or any other reason that justifies relief." Fed. R. Civ.

[1] Plaintiffs Reginald Robertson and Evangeline Brown have passed away. Bennie O'Neil wishes to withdraw from this case. Within a week, Plaintiffs intend to file the appropriate motions to withdraw.

P. 60(b)(5), (6).

4. Plaintiffs and Defendants request a status conference to set an appropriate briefing schedule.

5. Plaintiffs believe an evidentiary hearing is required to address factual allegations about racial demographics, electoral preferences and present day intentional racial discrimination in the judicial sub-districts created by the Consent Decree. *See, e.g.*, Doc. 150 at 18.

6. Arkansas believes an evidentiary hearing would be a waste of the parties' and Court's time and resources because the legal issues are dispositive and any factual disputes are secondary and immaterial. *Cf. Cody v. Hillard*, 139 F.3d 1197, 1200 (8th Cir. 1998) (holding an evidentiary hearing was necessary because there were "factual disputes crucial to resolution of the motion").

WHEREFORE, for the foregoing reasons, and for good cause shown, the Parties respectfully request that the Court grant the requested Motion for a Status Conference.

Dated: November 6, 2026.

Respectfully submitted,

*/s/ Kathryn Sadasivan*
Kathryn Sadasivan*
Justyce Yuille**
NAACP LEGAL DEFENSE
& EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
Phone: (212) 217-1672
Fax: (212) 226-7592
ksadasivan@naacpldf.org
jyuille@naacpldf.org

Arkie Byrd
MAYS, BYRD &
ASSOCIATES, PA.
212 Center Street
Suite 700
Little Rock, AR 72201
Phone: (501) 372-6303
Fax: (501) 399-9280
abyrd@maysbyrdlaw.com

*Counsel for Plaintiffs*

*Admitted *Pro Hac Vice*
***Pro Hac Vice* Motion Forthcoming

*/s/*Skylar Burton
TIM GRIFFIN
Arkansas Attorney General

AUTUMN HAMIT PATTERSON
Solicitor General

SKYLAR BURTON
Assistant Solicitor General

OFFICE OF THE ARKANSAS
ATTORNEY GENERAL
101 West Capitol Avenue
Little Rock, Arkansas 72201
(501) 682-2007
skylar.burton@arkansasag.gov
autumn.patterson@arkansasag.gov

*Counsel for State Defendants*